CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 24 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT ETHAN MILLER, Petitioner, | Civil Action No. 7:09-cv-00239 |
| v. | **MEMORANDUM OPINION** |
| WARDEN, USP LEE, Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Robert Ethan Miller, a federal prisoner proceeding pro se, filed a "redress of grievances under the First Amendment" with the United States District Court for the Middle District of Florida and asked that court to not construe his pleading as a motion under 28 U.S.C. § 2255. The Florida district court construed the pleading as under 28 U.S.C. § 2241, changed the caption of the parties,[1] and transferred the case to the Western District of Virginia because plaintiff is incarcerated within this district. The respondent filed a motion for summary judgment, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant respondent's motion for summary judgment and dismiss the action without prejudice for failing to exhaust his administrative remedies.

I.

Petitioner alleged in his original petition that his sentencing judge in the United States District Court for the Middle District of Florida awarded him "hardship time credit" for the time petitioner served in solitary confinement. (Pet. 4.) Petitioner allegedly served twenty-seven months in solitary confinement, and the judge allegedly said on the record during the sentencing hearing that he intended to reduce petitioner's sentence by twenty-seven months. However, the

---

[1] Plaintiff originally captioned the action as "United States of America, Respondent, vs. Robert Ethan Miller, Petitioner."

judge entered a criminal judgment that did not reflect his intention that petitioner receive the "hardship credit" of twenty-seven months. Petitioner sought a correct sentence calculation with his initial pleading but also requested that his petition not be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Therefore, the district court in Florida construed the action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and transferred the petition to this court because petitioner is confined within this district. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (discussing law of the case doctrine).

In his response to the United States' motion to dismiss, petitioner acknowledges that he is not asking for sentence credit for time in state custody. (Petr.'s Resp. (docket #27) 3.) Petitioner reiterates that he is seeking "hardship credit" "because in [petitioner's] sentencing transcripts and at [his] sentencing the judge specified this credit. . . . [Petitioner] is only asking for what the judge gave him at sentencing. Someone may have erred and not put it on [his] judgment. . . ." (Id.) (original emphasis).) Petitioner reiterates that he "ask[s] to get the time [he] was sentenced to[,] not serve an extra [two] years due to a paperwork error." (Id.)

## II.

### A.

A § 2241 petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas corpus in the district court with jurisdiction over the facility in which he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."

McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (No. 03-6952) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). This exhaustion requirement is analogous to the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review. Carmona, 243 F.3d at 634.

The BOP has a three-tiered administrative process for inmates to administratively exhaust their remedies. 28 C.F.R. § 542.10 et. seq. First, an inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, an inmate commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, an inmate may submit an appeal to the regional director on Form BP-10 within twenty days of the warden's response. 28 C.F.R. § 542.15(a). If unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the general counsel. Id. The time limits for filing an appeal may be extended if the inmate demonstrates a valid reason for delay. Id. An inmate must present his complaint to all levels to exhaust administrative remedies. 28 C.F.R. § 542.15(a).

The United States included an affidavit from a BOP official that I will not exclude; therefore, I consider the United States' motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d). The BOP official is a correspondence specialist who has worked with inmate sentence computations since January 1992 and accesses the BOP's "SENTRY" database, which tracts the petitioner's status, activities, central files, criminal judgments, and commitment

3

orders. (Resp.'s Mot. to Dismiss (docket #20) 10 ¶¶ 1-3.) The BOP official reviewed petitioner's SENTRY file and avers that petitioner did not exhaust his administrative remedies regarding how the BOP calculated his sentence prior to filing this action. (Id. ¶ 7.) Petitioner does not allege that he attempted to exhaust his administrative remedies. Therefore, I find petitioner did not exhaust his administrative remedies, and petitioner may not proceed with this action regarding the BOP's computation of his sentence.

B.

Petitioner also alleges that the sentencing judge imposed an incorrect sentence between what the judge said during the sentencing hearing and what was entered on petitioner's criminal judgment. However, a petitioner seeking to correct his sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted and sentenced. 28 U.S.C. § 2255. Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as

4

the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner fails to establish any of the In re Jones elements. Therefore, he may not seek to correct an already imposed sentence via 28 U.S.C. § 2241. Petitioner is advised that he can file a § 2255 motion to correct sentence if he believes that the sentencing judge incorrectly entered his criminal judgment. Petitioner must file a § 2255 motion with the district court that sentenced him.[2]

### III.

For the foregoing reasons, I grant the United States' motion for summary judgment, and I dismiss the action without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 24th day of November, 2009.

Senior United States District Judge

---

[2] Petitioner can not collaterally attack his sentence under the First or Fourteenth Amendments as he alleges.